Dear Mr. Font:
You have asked this office to advise whether a full-time deputy sheriff may also hold the local elective office of alderman.
There is nothing in the law which would prohibit a deputy sheriff from running for the elective office of alderman, absent civil service restrictions. However, R.S. 42:63(D) prohibits one from holding elected office and full-time appointive office, as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . .
The position of deputy sheriff is considered an appointive office under R.S. 42:62(2) because it is an "office in any branch of government. . .which is specifically established or specifically authorized by the. . .laws of this state. . .and which is filled by appointment. . .by an elected. . .public official." The position of deputy sheriff is specifically provided or authorized by law, as R.S. 33:1433 provides in part:
 A. (1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
 (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. The appointment and oath must be entered on the records of the court. *Page 2 
R.S. 42:63(D) does not prohibit an alderman from holding the position ofpart-time deputy sheriff. R.S. 42:62(4) and (5) state:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office.
You advise that the municipality here is Walker, Louisiana. We assume the exemption of R.S. 42:66(L)(1), quoted below, is inapplicable. The statute provides:
 L. (1) Nothing in this Part shall be construed to prevent a deputy sheriff from holding the office of either mayor or alderman of a municipality, provided such municipality has a population of two thousand five hundred or less, according to the latest federal decennial census.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL